**Rodney Wayne KISER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–89–00502–CR.

Court of Appeals of Texas, Dallas.

April 25, 1990.

John L. McCraw, McKinney, for appellant.

Tom O'Connell, Plano, J. Bryan Clayton, for appellee.

Before McCLUNG, BAKER and BURNETT, JJ.

## OPINION

McCLUNG, Justice.

Rodney Wayne Kiser appeals his jury conviction and twenty year sentence for murder. Kiser contends that: the evidence is insufficient to support his conviction; his written statement was not admissible; and the trial court ruled erroneously on his motion to suppress evidence, his objection to State's jury voir dire, and his request for an evidentiary hearing on his motion for a new trial. We affirm.

The evidence consists mainly of a written statement made by Kiser and several pieces of physical evidence recovered as a result of the information in his statement. Kiser first contends that his statement was obtained while he was being unlawfully detained, therefore, the trial court erred in denying his motion to suppress the statement and in admitting the physical evidence.

Deputy Sheriff Denison, assigned to investigate the murder of Angela Stevens, said that his prime suspect was the victim's boyfriend, Lee Henson. Denison learned that Kiser and co-defendant John Shores were good friends of Henson's. Arrangements were made through Shores' mother for Kiser and Shores to meet with Denison at the Collin County Sheriff's office on the night of July 20, 1988. Kiser, Shores and Shores' mother, Judy Stroud, arrived at the Sheriff's office just after midnight. Shores was invited into an office to speak with Sergeant Norton, who was helping with the investigation, while Kiser and Mrs. Stroud remained in the lobby. Early in this interview, Shores stated that Henson had told him that he had killed Stevens. Denison then took Kiser to another office to begin interviewing him. Within the first five minutes of the interview, in response to Denison's question "Do you know any more about this?", Kiser replied, "Yes, sir. We were there. We were all there." Denison terminated all questioning at that point, gave Kiser a Miranda warning, and instructed Norton to stop questioning Shores. Denison then gave a Miranda warning to Shores. Over the course of the next hour and a half, Shores told his version of the events to Denison while Kiser, in another office, described his version to Norton. Both statements were committed to writing and signed. At the deputies' request Kiser and Shores then led them to the scene of the murder and guided them along the route they had driven that night after Stevens' murder. They showed the deputies where they had discarded items left in their vehicle by the victim and where Kiser had thrown the murder weapon. They returned to the Sheriff's office at around 6:00 a.m. July 21, 1988. Kiser and Shores were placed under arrest for murder at 6:35 a.m.

Kiser asserts that since he was not held pursuant to a valid arrest warrant, and prior to the time the statement was given the deputies had no probable cause to arrest him without a warrant, he was unlawfully detained and subjected to custodial interrogation. In deciding whether a person has been subjected to custodial in-

terrogation, courts must consider a variety of factors, the four main factors being: 1) the subjective feelings of the person as to whether he feels himself to be in custody; 2) the subjective feelings of the officer interacting with the person as to whether the person is a suspect; 3) whether the focus of the investigation has finally centered on the person; and 4) whether the officer had probable cause to arrest the person. *Ruth v. State*, 645 S.W.2d 432, 435 (Tex.Crim.App.1979); *McCrory v. State*, 643 S.W.2d 725, 733 (Tex.Crim.App. 1982).

The facts here demonstrate that Kiser was not in custody at the time he gave his statement. He had been contacted about the case because he was a good friend of Henson, the only suspect, and because he was among the last to see the victim alive. At the time he arrived at the sheriff's office and at the time he made the oral statement "We were all there," he was not a suspect. Denison and Norton both testified that at the time the interview began there was no probable cause to arrest Kiser. Thus, the subjective intent of the deputies at that time was simply to interview Kiser as part of the fact finding process. Kiser was repeatedly told that he was not under arrest. Both deputies testified that there were no restraints on Kiser and no coercive methods used to get him to the sheriff's office, or to keep him there. Kiser voluntarily met the deputies and, according to both deputies, he was free to leave at any time during the interview. This is uncontroverted. Kiser was not in custody when he gave his written statement to Sergeant Norton. *See Brooks v. State*, 580 S.W.2d 825 (Tex.Crim.App.1979) (statement made by appellant, who voluntarily went to police station, was not under investigation or arrest, and was not advised of his rights before his statement was taken, held not to have been the result of a custodial interrogation); *Stone v. State*, 583 S.W.2d 410 (Tex.Crim.App.1979) (appellant, who voluntarily went to police station, received warnings, was not arrested or told he could not leave prior to confession, held not to have been in custody at time he made confession). We hold the trial court

properly denied Kiser's motion to suppress. We overrule point of error one.

Kiser also contends that the trial court erred in admitting his written statement because it did not comply with article 38.22 of the Texas Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. art. 38.22 (Vernon 1979). Specifically, Kiser argues that the warnings contained in the statement are not functionally equivalent to those in article 38.22. The requirements of that article are applicable to "statements made by an accused as a result of custodial interrogation." We conclude that since Kiser was not in custody at the time he made the statement, article 38.22 is not applicable. *Stone v. State*, 583 S.W.2d 410, 412–13 (Tex.Crim.App.1979); *Parra v. State*, 743 S.W.2d 281, 285 (Tex.App.—San Antonio 1987, pet. ref'd).

We further conclude that the warnings given do, in fact, substantially comply with the requirements of article 38.22. Kiser urges us to find three of the warnings insufficient:

1. That I have the right to remain silent.
3. I have a right to talk to a lawyer and have him present during questioning.
5. I may stop this questioning at any time and request a lawyer.

The corresponding statutory warnings are as follows:

1. he has the right to remain silent and not make any statement at all ...;
3. he has the right to have a lawyer present to advise him prior to and during any questioning;
5. he has the right to terminate the interview at anytime;

TEX.CODE CRIM.PROC.ANN. art. 38.22, § 2(a) (Vernon 1979).

The phrase "not make any statement at all" is merely redundant and adds nothing to the phrase "remain silent." The phrase "terminate the interview" means essentially the same as "stop the questioning." While the warning on the statement did not specifically state the accused has the right to a lawyer prior to questioning, it did

include the broad right to talk to a lawyer and have him present during questioning. "A warning which conveys on the face of the statement, in only slightly different language, the exact meaning of the statute is sufficient to comply with the statute." *Penry v. State,* 691 S.W.2d 636, 643 (Tex. Crim.App.1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). We determine that even if article 38.22 is applicable, the warnings on the face of the written statement are sufficient to comply with that article. We overrule point of error five.

■ Kiser asserts the trial court abused its discretion by allowing the State to voir dire and commit the jury panel on their ability to sentence him to the penitentiary by the following statements made by the State's attorney:

MR. CLAYTON: Now, ... I need to ask you, the first twelve of you here in the jury box to *take a look at the defendant, Rodney Kiser,* he is twenty years old. I want you to look at him. He is here, if you are on the jury, you are going to be looking at him for several days. I want to ask you as you sit here and *you see this man here, a twenty year old man. Is there anybody on this panel who could not assess a penitentiary sentence* and know it in your heart I don't have in it my heart to send someone to the penitentiary. We want to know if you are a person that can not [sic] send a young person to the penitentiary. (emphasis added)

Kiser's objection was made and overruled and the State's attorney continued:

MR. CLAYTON: Anybody that could not do that? I know that some folks,—there are people out there that have the belief and we are not going to quarrel with it at all, but have the belief that the penitentiary is not an appropriate punishment, and couldn't send someone to the penitentiary, for moral or religious reasons or whatever. If you have that feeling in your gut right now, that you couldn't do it, period, now is the time to let us know. Anybody in the jury box, the first row, could not do it. I see no hands. Any-

body out here in this section of the audience that, *taking a look at the defendant right now,* you could tell me for religious reasons or personal reasons, due to his age, anything like that, you tell me right now that *you just could not assess a penitentiary sentence.* (emphasis added)

Bias or prejudice regarding the law applicable to punishment is statutorily specified as a ground for challenge for cause by the State and the accused. TEX.CODE CRIM. PROC.ANN. art. 35.16(b)3, (c)2 (Vernon 1989). It, therefore, is a proper area of inquiry. *Martinez v. State,* 588 S.W.2d 954, 955 (Tex.Crim.App.1979). Conduct of the voir dire examination rests largely within the sound discretion of the trial court. *Moore v. State,* 542 S.W.2d 664, 668 (Tex.Crim. App.1976). Examining the questions in the context in which they were asked, we hold the State was properly inquiring into the area of punishment as allowed by article 35.16 and not, as Kiser suggests, asking questions specifically with regard to him. We overrule point of error two.

Kiser also contends that the State did not prove he was a party to the murder and, therefore, the evidence is insufficient to support a conviction for murder. We disagree.

■ A person is criminally responsible for an offense committed by another person if he acts with the intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person to commit the offense. TEX.PENAL CODE ANN. § 7.02(a)(2) (Vernon 1974). Evidence is sufficient to convict a defendant under the law of parties where he is physically present at the commission of the offense, and encourages the commission of the offense either by words or other agreement. *Cordova v. State,* 698 S.W.2d 107, 111 (Tex.Crim.App. 1985), *cert. denied,* 476 U.S. 1101, 106 S.Ct. 1942, 90 L.Ed.2d 352 (1986). The agreement, if any, must be before or contemporaneous with the criminal event. *Id.* To convict someone as a party to an offense, the evidence must show that at the time of the offense the parties were acting togeth-

er, each doing some part of the execution of the common purpose. *Id.* In determining whether the accused participated as a party, the court may look to events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act. *Id.*

In cases where the sufficiency of the evidence to support a criminal conviction is at issue, the reviewing court must apply the test established in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Little v. State,* 758 S.W.2d 551, 562 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988). All the evidence must be viewed in the light most favorable to the verdict to determine whether any rational trier of fact could have found all of the essential elements of the crime beyond a reasonable doubt. All conflicts and reasonable inferences are to be resolved in favor of the verdict.

■ Here there is evidence that Kiser helped Henson get the victim out of the truck immediately before Henson shot her. After she fell to the ground, Kiser took the shotgun by the barrel and hit her with it. After Shores also hit her with the shotgun, Kiser and Henson drug her body into the weeds. As they left the murder scene, Kiser and Shores searched the pickup for items belonging to the victim and threw those items out of the truck. It was then Kiser who disposed of the shotgun by throwing it into Lake Lavon. Further, Kiser agreed with Shores and Henson to promote a story about seeing the victim get into a car with "some guys from McKinney" in order to cover up the murder.

Viewed in the light most favorable to the verdict, we hold there is sufficient evidence for a jury to believe Kiser acted toward a common end together with Henson and Shores. We overrule Kiser's challenge to the sufficiency of the evidence.

Finally, Kiser contends that the trial court abused its discretion in failing to grant a hearing on his motion for new trial, where he intended to develop evidence showing jury misconduct. Kiser was sentenced on January 11, 1989, and filed his Motion for New Trial on January 13, 1989. On February 13, 1989,[1] he filed his First Amended Motion for New Trial, accompanied by a copy of a letter written by juror Daisy Everett and addressed to the trial judge. No hearing was held and Kiser's motion was overruled by operation of law on March 27, 1989. Tex.R.App.P. 31(e)(3). We note that our record contains only a portion of the original motion. There is nothing in the record before us to suggest that a request for hearing was ever made.

■ Granting or denying motions for new trial rests within the discretion of the trial court, and appellate courts will ordinarily not reverse that decision, unless it is shown the trial court abused its discretion. This rule also applies where the trial court denies the motion without an evidentiary hearing. *McIntire v. State,* 698 S.W.2d 652, 660 (Tex.Crim.App.1985); *Fielding v. State,* 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, pet. ref'd). When a party presents to the trial court a timely, verified motion for new trial which raises matters extrinsic to the record, the trial court abuses its discretion in denying a hearing on the motion. *McMillan v. State,* 769 S.W.2d 675, 676 (Tex.App.—Dallas 1989, pet. ref'd). The key elements, then, are timeliness and verification. If Kiser met these two requirements he was entitled to a hearing.

■ A defendant is required to file a motion for new trial, and any amendments, within thirty days after the date sentence is imposed. Tex.R.App.P. 31. Neither the Rules of Appellate Procedure nor the Code of Criminal Procedure require a motion for new trial to be verified or supported by affidavits. The courts have long held that when the grounds for a new trial are outside of the record, the movant must support his motion by his own affidavit or by the affidavit of someone else. *Bearden v.*

---

**1.** The file stamp on the copy of the amended motion in the record on appeal is not clear, but appears to read February 13, 15 or 18. We are certain it does not indicate a date earlier than February 13.

*State,* 648 S.W.2d 688, 690 (Tex.Crim.App. 1983). A motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavits. *Dugard v. State,* 688 S.W.2d 524, 528 (Tex.Crim.App.1985).

Kiser's original Motion for New Trial was timely filed, but made no reference to jury misconduct. His First Amended Motion for New Trial was filed thirty-three days after the date of sentencing. In the amended motion, Kiser complained of jury misconduct. Because Kiser did not meet the time requirements of Rule 31, we hold his amended motion was untimely and a nullity. TEX.R.APP.P. 31. A denial of a hearing on a motion for new trial is not error, where the motion is not timely filed. *Carpenter v. State,* 473 S.W.2d 210, 213 (Tex.Crim.App.1971). Since the amended motion was not properly before the trial court there could be no error in its failure to hold a hearing and allowing the original motion to be overruled by operation of law. *See Dugard v. State,* 688 S.W.2d at 529–30. Untimely amended motions for new trial are a nullity and cannot form the basis for points of error on appeal. *Heckathorne v. State,* 697 S.W.2d 8, 10 (Tex.App.—Houston [14th Dist.] 1985, pet ref'd).

Considering the nature of this case we will, nonetheless, examine whether Kiser's amended motion was properly supported. In his amended motion, Kiser alleged jury misconduct in many vague forms: 1) several jurors failed to follow the trial court's instructions by discussing the "State correction system;" 2) the jury foreman did not maintain order; 3) the deliberations were disorderly, chaotic, distasteful and upsetting; and 4) the jury's decision was a "mockery of justice." In support of his motion, Kiser attached a copy of a letter written by Daisy L. Everett, a juror, which she sent to the trial judge. The letter is dated January 12, 1989 and signed by Everett. There is an indication that a copy of the letter was sent to the Collin County District Attorney's office. There is no indication that the letter was sworn to

or even that its author is aware that Kiser has a copy and used it in support of his Amended Motion for New Trial. We determine the letter does not constitute a proper affidavit. *See* TEX.GOV'T.CODE ANN. § 312.011(1) (Vernon 1988). In effect then, Kiser provides no support for his amended motion and, therefore, the amended motion, even if timely filed, was not properly before the trial court. *Darrington v. State,* 623 S.W.2d 414, 416 (Tex.Crim.App.1981).

For the purpose of this discussion, we turn now to the contents of the letter. An affidavit is sufficient if it demonstrates that reasonable grounds exist for believing that jury misconduct occurred. *McIntire v. State,* 698 S.W.2d at 658. If we assume, but do not hold, that this letter can be properly termed an "affidavit," we conclude Everett's letter fails to meet this standard.

Kiser refers in his motion to Everett's complaint that:

There were several of the jurors that refused to follow your instructions to not discuss the state correction system and insisted this man would be better off if never sent to our state penitentiary. They also refused to sentence him and wanted to put him on probation and allow him to walk out of the courtroom.

In the charge to the jury, the trial court gave the proper admonition against discussing parole or its effect on their sentence. The court did not, however, use the phase "state correction system." Everett did use the term "parole" in her letter at one point, but considering the entire contents of the letter in context, we conclude she meant to use the term "probation" instead of "parole." Everett apparently complains of the fact that several jurors wanted to place Kiser on probation, and she did not. The topic of probation is, of course, a proper one for a jury. There is no indication that the jury discussed parole or its effect on their sentence.

Kiser points to Everett's comments that the foreman did not maintain order and the deliberations were disorderly and chaotic. Everett also said she found the

deliberations to be distasteful and upsetting. While we regret that Everett's experience with our criminal justice system seemed to offend her sensibilities, we cannot say that disorderly deliberations alone constitute jury misconduct.

Lastly, Kiser alleges misconduct in that "a juror [Everett] has described the jury's decision as a 'mockery of justice,' thereby denying this defendant due process of law." Specifically, Everett stated: "I feel 20 years for this man was a 'mockery of justice'.... I wish I had been more successful in pushing for a more stringent sentence ..." Again, we perceive no jury misconduct.

We hold that appellant's allegation of jury misconduct was not properly before the trial court, first, because it was not timely filed, and, second, was not supported by the affidavit of a juror or other person in a position to know the facts surrounding such alleged misconduct. Kiser presented no issues in his original motion for new trial which required proof to be developed outside the record. There was no error in the trial court's allowing the original motion to be overruled by operation of law without a hearing. *Darrington v. State,* 623 S.W.2d at 416. We overrule appellant's fourth point of error.

We affirm the trial court's judgment.