rushing 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-519-CR





ROBERT VERNON RUSHING, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE




 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,172, HONORABLE JOE CARROLL, JUDGE PRESIDING



 





 This is an appeal from a conviction of murder. (1) In one point of error, appellant
argues the trial court erred in overruling his Amended Motion for New Trial wherein he alleged
that he was denied effective assistance of counsel during trial. We will affirm.



BACKGROUND


 On January 11, 1992, appellant stepped out of his truck at a jobsite in Temple,
Texas, and without saying a word, shot Mario Leza six times. Appellant fired the last shot at
point-blank range to the back of Leza's head. Appellant then got back in his truck and drove to
the Temple police station where he surrendered his gun and was arrested for murder. After a
trial, the jury found appellant guilty of murder and assessed punishment at ninety-nine years
imprisonment and a $10,000 fine.

 Appellant's trial strategy was based on a theory of self-defense. Appellant testified
that Leza had stalked him on several occasions and, at one point, had come to his home and
threatened to kill him. Appellant expressed a deep fear of Leza and a belief that Leza would carry
out his threats. Finally, appellant testified that he did not go to Leza's workplace in order to kill
him, but rather to get information on Leza's whereabouts to help his girlfriend (Leza's wife) in
seeking child support payments. Appellant stated that he carried the gun for protection and did
not begin shooting until Leza started toward him, reaching toward his tool belt for what appellant
feared would be a weapon. Despite this testimony, the jury failed to acquit appellant based on
a theory of self-defense, or to find him guilty of the lesser offense of voluntary manslaughter,
although instructions on both theories were included in the jury charge.

 On July 1, 1992, appellant, through his newly substituted counsel on appeal, filed
a motion for new trial. Appellant was sentenced on July 9, 1992. At the hearing, appellant's
counsel advised the court he would be filing an amended motion for new trial and would request
a hearing. Appellant filed an amended motion on September 21, 1993, and the trial court held
a hearing the same day. The State objected that the amended motion was untimely filed. Tex.
R. App. P. 31(a)(1) and (2). Without ruling on the objection, the trial court proceeded with the
hearing and then overruled the motion.



DISCUSSION AND HOLDING



Texas Rule of Appellate Procedure 31(a)(1) and (2)


 Under Texas Rule of Appellate Procedure 31(a)(1) and (2), amended motions for
new trial must be filed within 30 days after the date sentence is imposed. A trial court does not
have jurisdiction to decide an untimely motion for new trial. Beathard v. State, 767 S.W.2d 423,
433 (Tex. Crim. App. 1989); Drew v. State, 743 S.W.2d 207, 223 (Tex. Crim. App. 1987); (2)
Kiser v. State, 788 S.W.2d 909, 915 (Tex. App.--Dallas 1990, pet. ref'd). Furthermore, at least
one appellate court has held that "untimely amended motions for new trial are a nullity and cannot
form the basis for points of error on appeal." Kiser, 788 S.W.2d at 915.

 Appellant's Amended Motion for New Trial was filed seventy-four days after his
sentence was imposed, and was therefore untimely under Texas Rule of Appellate Procedure
31(a)(1) and (2). Accordingly, the motion and the hearing thereon should be regarded as if they
never existed. Drew, 743 S.W.2d at 223; State v. Bates, 833 S.W.2d 643, 644 (Tex.
App.--Eastland 1992, no pet.); State ex rel. Holmes v. Shaver, 824 S.W.2d 285, 286-88 (Tex.
App.--Texarkana 1992, no pet.). Since the trial court had no authority to entertain the untimely
motion, there was no error in overruling it. Drew, 743 S.W.2d at 224; Kiser, 788 S.W.2d at 915.

 Even if appellant's motion were deemed timely, appellant has failed to demonstrate
he was denied effective assistance of counsel at trial. Appellant contends his trial counsel was
ineffective in two ways: (1) by failing to call Rose Leza as a witness at trial, and thus failing to
provide the jury with evidence as to appellant's state of mind at the time of the killing and other
relevant facts surrounding the killing; and (2) by failing to properly prepare appellant for direct
and cross-examination.



Ineffective Assistance of Counsel


 The standard for evaluating a claim of ineffective assistance of counsel was set forth
in Strickland v. Washington, 466 U.S. 668 (1984). The burden of proof is on the defendant to
meet the following two-pronged test: (1) the defendant must show counsel's performance was
deficient, based on a "reasonably effective assistance" standard; and (2) the defendant must show
the performance prejudiced his defense so as to deprive him of a fair trial. Strickland, 466 U.S.
at 687; Stafford v. State, 813 S.W.2d 503, 505-06 (Tex. Crim. App. 1991); Wilkerson v. State,
726 S.W.2d 542, 548 (Tex. Crim. App. 1986); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, no pet.). Whether counsel was ineffective is to be judged in light of all the
circumstances; thus, "whether the appellant received error-free representation is not the test; that
appellant's counsel made some mistakes at trial does not show ineffective assistance." Davis v.
State, 830 S.W.2d 762, 765 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Furthermore, a
court must evaluate the challenged conduct from counsel's perspective at the time of trial and not
by hindsight. Strickland, 466 U.S. at 689; Stafford, 813 S.W.2d at 506; Wilkerson, 726 S.W.2d
at 548. Finally, there is a strong presumption that counsel's conduct meets the reasonable
assistance standard; thus, "the defendant must overcome the presumption that, under the
circumstances, the challenged action `might be considered sound trial strategy.'" Strickland, 466
U.S. at 689 (emphasis added); Stafford, 813 S.W.2d at 506.

 At the hearing on the Amended Motion for New Trial, appellant offered the
testimony of Rose Leza, wife of the deceased and appellant's girlfriend. Mrs. Leza testified at
length as to Mr. Leza's violent nature and her fear of him. She stated Mr. Leza was an ex-convict
who had beaten her throughout their marriage, had sexually abused her daughter, and had
threatened to kill her, their children, and appellant. Mrs. Leza stated appellant knew of these
events. Appellant argues this corroborating testimony should have been introduced at trial, in
order to rehabilitate appellant as a witness and to show appellant's state of mind and other relevant
circumstances surrounding the murder.

 In rebuttal, the State called appellant's trial counsel who testified that he did not
have Mrs. Leza testify at trial because he had a very difficult time getting her to answer questions
directly and he felt she would be an "extremely dangerous" witness who might hurt the case. 
Furthermore, counsel did call two witnesses at trial who corroborated appellant's testimony: 
appellant's mother, who described a confrontation between her son and the deceased, and a doctor
who testified that appellant was a person who was easily threatened and who would react
impulsively to a threat.

 We find trial counsel's actions in deciding not to call Mrs. Leza as a witness to be
well within the "wide range of professionally competent assistance" envisioned by the Strickland
Court. Strickland, 466 U.S. at 690. Although judging from hindsight, appellant might have
employed a different trial strategy, "[t]here are countless ways to provide effective assistance in
any given case. Even the best criminal defense attorneys would not defend a particular client in
the same way." Strickland, 466 U.S. at 689. Appellant's trial counsel testified as to his reasons
for not calling Mrs. Leza as a witness. The presumption is that in making this strategic decision,
he exercised reasonable professional judgment. Strickland, 466 U.S. at 690. We find appellant
has failed to overcome this presumption.

 Next, appellant argues his trial counsel was ineffective in not showing him a copy
of the autopsy report until the day of trial, thus leaving appellant unprepared for direct and cross-examination. Appellant contends that because he did not see the autopsy report until that time,
he appeared untruthful when he testified as to how he shot the deceased. Appellant testified at
trial that he shot Leza as he was coming toward appellant, while the autopsy report showed Leza
had been shot five of the six times from behind.

 Regarding the autopsy report, we first note that appellant stated at trial during
cross-examination that he had never seen the report. However, at the hearing on the motion for
new trial, appellant stated that his trial counsel had shown him the report on the day of trial. 
Furthermore, the record reflects that during its case-in-chief, the State called the doctor who
examined the deceased to testify extensively about performing the autopsy, his findings, the
autopsy report, and the manner in which the deceased was shot. This occurred before appellant
testified inconsistently with the report, and appellant was present throughout the testimony. 
Finally, appellant's trial counsel testified at the motion hearing as to the procedures he used to
prepare appellant for trial, which included driving to the scene of the crime with appellant and
going over the events that took place at the crime scene with appellant at least twice. Counsel
stated he does not use a question and answer format to prepare his clients to testify because he
does not want their testimony to sound rehearsed.

 Considering the totality of the representation, we find trial counsel's performance
did not fall below an objective "reasonableness assistance" standard. (3) Strickland, 466 U.S. at
687; Stafford, 813 S.W.2d at 505-06. Although another attorney may have handled the case
differently, appellant has not proven, and we cannot say, that counsel's actions were not sound
trial strategy. Strickland, 466 U.S. at 689; Stafford, 813 S.W.2d at 506. Accordingly, we
decline to find appellant was denied effective assistance of counsel at trial.

 Appellant's point of error is overruled. The judgment of the trial court is affirmed.



 

 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and B. A. Smith

Affirmed

Filed: October 6, 1993

Do Not Publish

1.   See Tex. Penal Code Ann. § 19.02(a)(1) (West 1989).
2.   Because the requirements of Tex. R. App. P. 31 are, within the context of this case,
the same as those at former Tex. Code Crim. Proc. Ann. art. 40.05 and Tex. R. Civ. P.
329b, the analysis set out in Drew applies without modification.
3.   Having so found, we need not address the second prong of the Strickland test
regarding possible prejudice to the defendant. Wilkerson, 726 S.W.2d at 551.