Gerald Allen **KOVALY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–92–00167–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 20, 1994.

Discretionary Review Refused
May 18, 1994.

Stanley G. Schneider, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before SEARS, LEE and ROBERT E. MORSE, Jr. (sitting by designation), JJ.

## OPINION

LEE, Justice.

Appellant was found guilty of theft and sentenced to 12 years confinement. In a single point of error, appellant contends that the trial court erred in denying his motion for leave to file an amended motion for new trial. We affirm.

Appellant was arrested and charged with the offense of theft after unlawfully appropriating money from a hospital for work allegedly done between March 31, 1990 and September 16, 1990. The record reveals that appellant submitted bills to two different institutions for the exact same time. Forgeries were also involved. The charged offense was enhanced by two prior felony convictions. After appellant entered a plea of no contest, the State abandoned the two enhancement paragraphs. On January 27, 1992, the trial court determined that there was sufficient evidence to find appellant guilty, but deferred its adjudication of appellant's guilt and assessment of punishment until February 17, 1992.[1]

On February 17, 1992, appellant appeared and filed a motion to withdraw his previous no contest plea. After a hearing was held concerning appellant's request, the trial court denied the motion, found appellant guilty, and sentenced him to twelve years confinement. On March 18, 1992, appellant filed his motion for new trial in which he alleged that his plea was not freely and voluntarily made due to various purported instances of ineffective assistance of counsel. The trial court denied this motion on April 6, 1992. On April 8, 1992, appellant filed a motion for leave to file an amended motion for new trial. In this motion, appellant contended that there existed newly discovered evidence favorable to his defense. In response to appellant's motion, the State filed a motion for a protective order and to deny leave to amend the motion for new trial. After a hearing on the two motions, the trial court determined that it lacked jurisdiction over the matter and granted the State's motion.

Rule 31 of the Texas Rules of Appellate Procedure makes it clear that motions and amended motions for new trial in criminal cases must be filed within 30 days after the date sentence is imposed or suspended in open court. TEX.R.APP.P. 31(a)(1), (2); *see also Dugard v. State*, 688 S.W.2d 524, 529–30 (Tex.Crim.App.1985). Moreover, an amended motion must be filed before the trial court overrules the original motion for new trial. TEX.R.APP.P. 31(a)(2).

Appellant was sentenced on February 17, 1992. Appellant filed his first motion for new trial on March 18, 1992. The motion did not state that the grounds for the motion was newly discovered evidence. All the motion alleged was that appellant's counsel was not prepared to go to trial because of counsel's failure to properly prepare. This motion was denied by written order on April 6, 1992. *See* TEX.R.APP.P. 31(e)(2). Appellant filed his second motion, or motion for leave to file an amended motion for new trial, on April 8, 1992, 51 days after his sentenced was imposed in open court and 21 days past the 30–day deadline provided by Appellate Procedure Rule 31(a)(2). Such a motion is a nullity. *See Kiser v. State*, 788 S.W.2d 909, 915 (Tex.App.—Dallas 1990, pet. ref'd).

Given the timetable set in motion by the pronouncement of appellant's sentencing and entry of judgment, we find the trial court was without authority to grant leave to file the amended motion for new trial. Such motion being a nullity, the court was incapable of abusing its discretion in refusing to grant it. *Beathard v. State*, 767 S.W.2d 423, 433 (Tex.Crim.App.1989); *Hamilton v. State*, 804 S.W.2d 171, 174 (Tex.App.—Fort Worth 1991, pet.ref'd). Furthermore, the court of appeals has no jurisdiction to consider grounds in a late-filed amended motion for new trial. *Heckathorne v. State*, 697 S.W.2d 8, 10 (Tex.App.—Houston [14th Dist.] 1985,

---

1. This 20 day delay was apparently the result of a deal between the accused and the prosecutor to allow the accused to get his affairs in order before his sentence was imposed. Included in this arrangement was the understanding that if appellant failed to show on the 17th of February, the court would abandon the State's offer of twelve years and consider instead the full range of punishment which could be as much as twenty years.

pet.ref'd). Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.