NO. 12-04-00289-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
BARRETT W. ROBINSON,                              §                 APPEAL FROM THE 241ST
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Barrett Robinson appeals the revocation of his deferred adjudication probation, following 
which he was sentenced to imprisonment for life and fined six thousand dollars. Appellant raises
four issues on appeal. We dismiss for want of jurisdiction in part and affirm in part.
 
Background
            On February 8, 2000, Appellant was charged by indictment with possession of between two
hundred and four hundred grams of cocaine. Appellant pleaded “guilty” as charged, made a written
stipulation of evidence, and waived in writing his right to trial by jury, his right to move for new
trial, and his right to appeal. The trial court deferred making a finding of guilt and placed Appellant
on community supervision for ten years.
            Subsequently, the State filed a motion to proceed to final adjudication, alleging that
Appellant had violated certain terms of his community supervision. Specifically, the State alleged
that Appellant violated the terms of his community supervision in that he had, (1) on four separate
occasions, violated the law by possessing a controlled substance, (2) on two separate occasions,
violated the law by possessing, with intent to use, drug paraphernalia, and (3) violated the law by
possessing a handgun and eleven rounds of ammunition. The trial court conducted a hearing on the
State’s motion on July 19, 2004. Appellant pleaded “not true” to the State’s allegations. Following 
the presentation of evidence, the trial court found that Appellant violated multiple terms of his
community supervision as alleged in the State’s motion.


 Thereafter, the trial court revoked
Appellant’s community supervision, adjudicated Appellant guilty of possession of cocaine, and
sentenced Appellant to imprisonment for life. This appeal followed. 
            On August 23, 2004, Appellant filed a motion for new trial in which he alleged that he
received ineffective assistance of counsel at the hearing on the State’s motion. The trial court
declined to hold a hearing on Appellant’s motion, which was ultimately overruled by operation of
law. This appeal followed.
 
Failure to Conduct a Hearing on Motion for New Trial
            In his first and second issues, Appellant argues that the trial court erred in allowing his
motion for new trial to be overruled by operation of law without conducting a hearing because the
motion was properly presented to the trial court. A motion for new trial is a prerequisite to
presenting an issue on appeal when necessary to adduce facts not in the record. See Tex. R. App. P.
21.2. Oftentimes, there is an inadequate record on direct appeal to evaluate whether trial counsel
provided ineffective assistance of counsel. See, e.g., Jackson v. State, 973 S.W.2d 954, 955 (Tex.
Crim. App. 1998).
Standard of Review
             It is within the trial court's sound discretion to grant or deny a motion for new trial. Waller
v. State, 931 S.W.2d 640, 644 (Tex. App.–Dallas 1996, no pet.). We do not disturb the trial court’s
decision unless it abused its discretion. Id.; see Appleman v. State, 531 S.W.2d 806, 810 (Tex.
Crim. App. 1976) (op. on reh’g); State v. Gonzalez, 820 S.W.2d 9, 11-12 (Tex. App.–Dallas 1991),
aff’d, 855 S.W.2d 692 (Tex. Crim. App.1993). Under this standard, we reverse only when the trial
judge’s decision was so clearly wrong as to lie outside that zone within which reasonable persons
might disagree. Gonzales, 855 S.W.2d at 695 n.4. This standard further applies when the trial court
denies the motion without an evidentiary hearing. See McIntire v. State, 698 S.W.2d 652, 660 (Tex.
Crim. App.1985); Owens v. State, 832 S.W.2d 109, 111 (Tex. App.–Dallas 1992, no pet.). The trial
court abuses its discretion when it denies, without conducting a hearing, a motion for new trial that
raises matters outside the record. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App.1993); Kiser
v. State, 788 S.W.2d 909, 914 (Tex. App.–Dallas 1990, pet. ref'd). The trial court need not set a
hearing if the motion for new trial raises matters which can be determined from the record. See
Kiser, 788 S.W.2d at 914. 
Trial Court’s Decision to Overrule Motion for New Trial Without Conducting a Hearing
            As set forth in greater detail herein, the determination that counsel was ineffective requires
affirmative proof that there is a reasonable probability that, but for counsel’s unprofessional errors,
the result of the proceedings could have been different. See Strickland v. Washington, 466 U.S.
668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 674 (1984). While Appellant, in his motion for new trial,
chronicles multiple acts he alleges amount to ineffective assistance, he fails to allege, even generally,
that but for such errors, the result of the proceedings could have been different. Rather, the brunt
of Appellant’s motion related to the necessity to conduct a hearing so that he could develop the
record for appeal. While Appellant was not required to set forth every component legally required
to establish relief, his motion and/or affidavit were required to reflect that reasonable grounds existed
for the trial court to determine that such relief could be granted. See Jordan v. State, 883 S.W.2d
664, 665 (Tex. Crim. App. 1994). Appellant’s motion and supporting affidavits do not reflect that
reasonable grounds existed to overcome the materiality component for a claim of ineffective
assistance of counsel. See Jordan, 883 S.W.2d at 665. Deloris Robinson’s statement in her
supporting affidavit that she strongly believes the court’s decision would have been different had
Appellant’s counsel called her and others to discuss Appellant’s case is too speculative to provide
a reasonable basis for a determination of materiality. We hold that the trial court did not abuse its
discretion in allowing Appellant’s motion for new trial to be overruled by operation of law without
conducting a hearing. Appellant’s first and second issues are overruled.
 
 
Cruel and Unusual Punishment
            In his fourth issue, Appellant argues that the life sentence imposed on him amounts to cruel
and unusual punishment. Initially, we note that Appellant made no objection to the trial court raising
the issue of cruel and unusual punishment and has, therefore, waived such an issue with respect to
any alleged violation of such constitutional rights. See Tex. R. App. P. 33.1; Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995). However, even absent waiver, we conclude that Appellant’s sentence did not constitute cruel
and unusual punishment. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was convicted
of possession of between two hundred and four hundred grams of cocaine. See Tex. Health &
Safety Code Ann. §§ 481.115(a), (e), 481.102(3)(D) (Vernon 2003 & Supp. 2005). The
punishment range for such an offense is between ten and ninety-nine years, or life, and a fine not to
exceed $10,000.00. See Tex. Pen. Code Ann. § 12.32 (Vernon 2003). Here, the punishment
assessed by the trial court falls within the range set forth by the legislature. Id. Therefore, the
punishment is not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant urges the court to perform the three part test originally set forth in
Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the
proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the
harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and
(3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S.
at 292, 103 S. Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and
the Fifth Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require
a threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions—one for fraudulent use
of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check
in the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, the offense committed by Appellant—possession of between two hundred
and four hundred grams of cocaine—was far more serious than the offenses committed by the
appellants in Rummel, while Appellant’s life sentence is no more severe than the life sentence
upheld by the Supreme Court in Rummel. Thus, it follows that if the sentence in Rummel was not
unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the
case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply
the remaining elements of the Solem test. Appellant’s fourth issue is overruled.
 
 
Ineffective Assistance of Counsel
            In his third issue, Appellant argues that he received ineffective assistance of counsel during
both the adjudication and punishment phases of the hearing on the State’s motion. Texas Code of
Criminal Procedure article 42.12, section 5(b) determines the extent of our jurisdiction to consider
this issue. Article 42.12, section 5(b) states as follows:
 
On violation of a condition of community supervision imposed under Subsection (a) of this section, the
defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to
a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the
original charge. No appeal may be taken from this determination. 
 
Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b) (Vernon Supp. 2005) (emphasis added). 
            In Connolly v. State, 983 S.W.2d 738 (Tex. Crim. App. 1999), the court of criminal appeals
reiterated a long line of cases concerning attempts to appeal the trial court’s determination to proceed
to adjudication. See Connolly, 983 S.W.2d at 740-741 (citing Olowosuko v. State, 826 S.W.2d 940,
942 (Tex. Crim. App. 1992) (explaining that court of criminal appeals had “held from the beginning
of deferred adjudication practice that the Legislature [had] meant what it said in Article 42.12
§ 5(b)”); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (on appeal of trial court’s
decision to revoke probation and adjudicate, even if the appellant’s right to counsel had been
violated, the appellant could not use direct appeal as the vehicle with which to seek redress); Wright
v. State, 592 S.W.2d 604, 606 (Tex. Crim. App. 1980) (under the terms of the statute, no appeal may
be taken from the hearing in which the trial court determines to proceed with an adjudication of guilt
on the original charge); Williams v. State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. 1979) (trial
court’s decision to proceed with an adjudication of guilt is one of absolute discretion and is not
reviewable)). The court continued:
 
In all these cases, we have tried to make clear that, given the plain meaning of Article 42.12 § 5(b),
an appellant whose deferred adjudication probation has been revoked and who has been adjudicated
guilty of the original charge, may not raise on appeal contentions of error in the adjudication of guilt
process. (citation omitted). Moreover, since the legislature has not overturned our interpretation of
the statute after all these years, we are confident that our interpretation is correct. See State v. Hall,
829 S.W.2d 184, 187 (Tex. Crim. App. 1992) (prolonged legislative silence following judicial
interpretation of statute implies approval of interpretation).
 
Connolly, 983 S.W.2d at 741.
            In our view, given the factual similarities between Connolly, its progeny, and the case at
hand, the holdings in Connolly and the cases cited therein control the instant case as it relates to the
trial court’s decision to proceed to adjudication. See also Phynes, 828 S.W.2d at 2. Considering
the plain meaning of article 42.12, section 5(b) and the long line of authority from the court of
criminal appeals on the issue, we hold that Appellant cannot raise the issue of ineffective assistance
of counsel, insofar as that issue arises out of the trial court’s decision to proceed with the
adjudication of guilt following the revocation of Appellant’s probation. Thus, only to the extent that
Appellant’s third issue relates to matters which occurred after the trial court’s adjudication of guilt,
is Appellant’s third issue appropriate for our consideration.



            Appellant first contends trial counsel’s failure to object to Appellant’s life sentence amounted
to ineffective assistance of counsel. Such failure, Appellant argues, caused him to waive his Eighth
Amendment claim of cruel and unusual punishment.
            The proper standard by which to gauge the adequacy of representation by counsel is
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). See
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in
Strickland requires a two-step analysis:
 
              1.           Did the attorney’s performance fail to constitute “reasonably effective assistance,” i.e., did the defense
attorney’s representation fall below an objective standard of reasonableness under prevailing
professional norms? 
 
              2.           If so, was there a reasonable probability that, but for counsel’s unprofessional errors, the result of the
proceedings could have been different?


See Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. The test in Strickland is properly applied to the
punishment phase of a non-capital case as well. See Hernandez, 988 S.W.2d at 772. 
              Counsel is strongly presumed to have rendered adequate assistance and to have made all
significant decisions in the exercise of reasonable professional judgment. See Hernandez, 726
S.W.2d at 55. The burden is on the appellant to overcome that presumption. See Burruss v. State,
20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref’d). The appellant must show specific acts
or omissions that constitute ineffective assistance and affirmatively prove that those acts fall below
the professional norm for reasonableness. Id. 
            After proving error, the appellant must affirmatively prove prejudice. Id. The appellant must
prove that his attorney's errors, judged by the totality of the representation and not by isolated
instances of error, denied him a fair trial. Id. It is not enough for the appellant to show that the
errors had some conceivable effect on the outcome of the proceedings. Id. He must show that there
is a reasonable probability that, but for his attorney’s errors, the jury would have had a reasonable
doubt about his guilt. Id. 
            As set forth above, even though Appellant waived error concerning the issue of whether his
sentence amounted to cruel and unusual punishment, the outcome would not change had error been
preserved. Considering the offense with which Appellant was charged and the sentence he received,
we held that Appellant could not satisfy the threshold test that his sentence was unconstitutionally
disproportionate to the offense of which he was convicted. Therefore, Appellant cannot satisfy the
second prong of Strickland. 
            Appellant also contends that his counsel was ineffective in matters related to the punishment
phase of the hearing after the trial court proceeded to the final adjudication of guilt. Specifically,
Appellant argues that his trial counsel was ineffective in that he (1) failed to object when the trial
court took notice of the Pre-sentence Investigation Report (“PSI”), which was not in evidence, (2)
was unfamiliar with the contents of the PSI, and (3) failed to call or subpoena witnesses to testify
on Appellant’s behalf during the punishment phase.
            As we have noted previously, oftentimes there is an inadequate record on direct appeal to
evaluate whether trial counsel provided ineffective assistance. See, e.g., Jackson, 973 S.W.2d at
955.    In any case considering the issue of ineffective assistance of counsel, we begin with the
strong presumption that counsel was effective. See Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). We must presume counsel’s actions and decisions were reasonably professional
and were motivated by sound trial strategy. See id. Appellant has the burden of rebutting this
presumption by presenting evidence illustrating why his trial counsel did what he did. See id. 
Appellant cannot meet this burden if the record does not affirmatively support the claim. See
Jackson v. State, 973 S.W.2d at 955 (inadequate record on direct appeal to evaluate whether trial
counsel provided ineffective assistance); Phetvongkham v. State, 841 S.W.2d 928, 932 (Tex.
App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective
assistance claim); see also Beck v. State, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd)
(inadequate record for ineffective assistance claim, citing numerous other cases with inadequate
records to support ineffective assistance claim). A record that specifically focuses on the conduct
of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. See Kemp v. State,
892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). 
            Here, the record is silent as to the reasons underlying Appellant’s counsel’s alleged
ineffective acts and omissions during the trial of the case at hand. As a result, Appellant cannot
overcome the strong presumption that his counsel performed effectively. Therefore, we hold that
Appellant has not met the first prong of Strickland because the record does not contain evidence
concerning Appellant’s trial counsel’s reasons for choosing the course he did. Thus, we cannot
conclude that Appellant's trial counsel was ineffective. Appellant’s third issue is dismissed for want
of jurisdiction in part. The remainder of Appellant’s third issue is overruled.
Disposition
            We do not have jurisdiction to consider a portion of Appellant’s third issue because it arises
out of the trial court’s decision to proceed with the adjudication of guilt following the revocation
of Appellant’s probation. We dismiss this portion of Appellant’s third issue for want of jurisdiction. 
Having overruled the remaining portion of Appellant’s third issue as well as Appellant’s first,
second, and fourth issues, we affirm the trial court’s judgment.
 
                                                                                                    JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered December 30, 2005.
Panel consisted of Worthen, C.J. and Griffith, J.
DeVasto, J., not participating.

(DO NOT PUBLISH)