**AFFIRMED as MODIFIED and Opinion Filed February 23, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-20-00590-CR**

**No. 05-20-00591-CR**

**DAMON EVANS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. F20-51047-I and F20-51046-I**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Following appellant Damon Evans' plea of guilty in an open plea hearing, the trial court found Evans guilty of two charges of aggravated assault with a deadly weapon, found true an enhancement paragraph in each indictment that alleged Evans had a prior felony conviction of assault on a public servant, and sentenced him in each case to eight years' confinement in the Texas Department of Criminal Justice's Institutional Division, with the sentences to be served concurrently. Evans timely appealed after the trial court entered judgments and certified his right to appeal. He

also timely filed a motion for new trial and presented it to the trial court. His motion for new trial was overruled by operation of law without a hearing.

Evans raises thirteen issues on appeal, the last three of which seek various modifications to the two judgments. The State disputes Evans' first ten issues, agrees with the last three, and raises a cross-point seeking another modification to the two judgments. We modify the judgments as reflected below, and as reformed, affirm the judgments.

## I. ANALYSIS

### A. Guilty Plea and Finding of Guilt

In his first six issues, Evans challenges in various respects the judgments convicting him of aggravated assault with a deadly weapon as charged in the indictments. Specifically, Evans argues the trial court erred because (1) his guilty plea was not supported by an adequate judicial confession or factual basis in the record (first and second issues); (2) his guilty plea was not knowingly and voluntarily entered (third and fourth issues); and (3) rather than finding him guilty as charged in the indictments, the trial court should have found him not guilty or guilty of the lesser-included crime of assault (fifth and sixth issues).[1]

---

[1] For each grouping of issues, Evans' arguments are identical, except for the trial court cause numbers to which they are directed. His first, third, and fifth issues concern trial court cause number F20-51046-I; his second, fourth, and sixth issues concern trial court cause number F20-51047-I.

### 1.    Judicial Confession

In his first and second issues, Evans argues his guilty plea in each case was not supported by a judicial confession and an adequate factual basis for each crime is not in the record. The State disagrees and argues Evans' judicial confession in each case was alone sufficient to support his convictions and that his convictions were further supported by Evans' testimony at the plea hearing. We agree with the State.

Article 1.15 of the code of criminal procedure provides that when a defendant pleads guilty, he cannot be convicted upon his plea alone without sufficient evidence to support the plea. TEX. CODE CRIM. PROC. art. 1.15; *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). A judicial confession, standing alone, constitutes sufficient evidence to support a guilty plea. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g) (describing this as "well settled") (citations omitted); *see also Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Here, the plea paperwork in each case includes the following:

**DEFENDANT'S WAIVER OF RIGHTS AND JUDICIAL CONFESSION**

With the Court's approval, the defendant herein states that he/she:

. . . .

20.    *JUDICIALLY CONFESSES* and admits to committing the offense of
       Aggravated Assault
       exactly as charged in the charging instrument or as a lesser included offense of the offense alleged in the charging instrument.

. . . .

–3–

**DEFENDANT'S APPROVAL**

I, the defendant herein, do acknowledge that:

1. My attorney has explained to me, and I have read and understand the foregoing "Plea Agreement", "Court's Admonitions to Defendant", "Defendant's Waiver of Rights and Judicial Confession".
2. My attorney has explained to me and I understand the legal effects of waiving my rights and the consequences of my plea.
3. I knowingly, freely and voluntarily waive my rights, plead "GUILTY", and consent to the stipulation of facts.
4. I request that the Court accept my plea, agreements, waivers, statements and stipulations.

5/13/20
_____
Date

_____
Defendant's signature

_____
Defendant's printed name

Evans argues his judicial confession was deficient in two ways. First, he claims it was deficient because it included language stating "or as a lesser included offense of the offense alleged in the charging instrument" and was not narrowed to include only aggravated assault. As support, he cites *Hughley v. State*, No. 06-15-00174-CR, 2016 WL 3668026 (Tex. App.—Texarkana July 9, 2016, pet. ref'd) (mem. op., not designated for publication), which involved a judicial confession containing somewhat similar language. Evans argues that because *Hughley* mentions other evidence of guilt in the record beyond the defendant's judicial confession, "*Hughley* suggests that it is only when there is additional evidence beyond the boilerplate judicial confession will the evidence be sufficient to support the plea." But we do not read *Hughley* so narrowly, and, in any event, *Hughley* does not find the judicial confession in that case deficient, and the case involved a

different offense, procedural context, and issues on appeal.[2]  Contrary to Evans'

implicit suggestion otherwise, *Hughley* does not alter the well-settled rule that a

judicial confession, standing alone, constitutes sufficient evidence to support a guilty

plea, *see Dinnery*, 592 S.W.2d at 353.

Second, Evans argues his judicial confession was deficient because the plea

paperwork in which it is contained was signed by him and his trial counsel on

different dates.[3]  As support, Evans cites *Mayberry v. State*, No. 05-92-02830-CR,

1993 WL 480212, at *2 (Tex. App.—Dallas Nov. 19, 1993, no pet.) (mem. op., not

designated for publication), noting that in that case, we described the plea paperwork

as being "witnessed by" his counsel and arguing that here, because he and his trial

counsel signed the plea paperwork on different dates, his counsel did not "witness"

it.  We are unpersuaded by Evans' reliance on *Mayberry* and reject his argument that

the difference in dates made his judicial confession deficient on this record.  Evans,

his trial counsel, and the State signed the plea paperwork containing Evans' judicial

---

[2] *Hughley* involved a judgment adjudicating guilt on a charge of assault in a family violence situation causing bodily injury, for which the trial court originally placed Hughley on deferred adjudication community supervision.  2016 WL 3668026, at *1.  On appeal, the court decided a jurisdictional question and an evidentiary sufficiency question, the latter of which was prompted by Hughley's argument that the judgment was void because there was no evidence to support his conviction.  2016 WL 3668026, at *3.  Our sister court disagreed, *see id.*, at *3–5, and affirmed the judgment, stating, "we find that Hughley's responses to the trial court's questions, taken with the judicial confession and written plea of guilt, all of which were filed in the clerk's record, were sufficient to support the trial court's finding that Hughley was guilty . . .  and to enter its judgment of conviction accordingly."  *Id*. at *5.  The judicial confession in *Hughley* stated the defendant "JUDICIALLY CONFESSES and admits to committing the offense . . . exactly as charged in the charging instrument or as a lesser included offense charged in . . . the charging instrument."

[3] His counsel's signature on the "Defense Attorney's Approval" section of the plea paperwork is dated May 15, 2020.

confession and stipulation before the plea proceedings began, and during the plea proceedings, Evans confirmed to the trial court he had an opportunity to speak privately with his attorney, had gone over the allegations and understood what he was charged with in each case, and the trial court admitted various exhibits into evidence, without objection by Evans or his counsel, including an exhibit consisting of Evans' judicial confession and stipulation in the plea paperwork in each case.[4]

Based on the record before us, we conclude Evans' judicial confession, which includes language admitting to the commission of "[a]ggravated [a]ssault exactly as charged in the charging instrument[,]" is sufficient to support each conviction, as a judicial confession, standing alone, constitutes sufficient evidence to support a guilty plea. *See Dinnery*, 592 S.W.2d at 353.

We overrule Evans' first and second issues.

## 2.    Knowing and Voluntary Plea

Next, we consider Evans' third and fourth issues, in which he argues his plea of guilty in each case was not knowingly and voluntarily entered because, he argues, "[t]he record shows [he] did not understand the nature of the charges against him."

Unless the appellate record discloses Evans entered his guilty plea voluntarily and understandingly, we must presume he did not, and rule accordingly. *Davison v.*

---

[4] Although Evans' judicial confession and stipulation was not marked as such, in the record before us, the trial court explained its general practice that it generally considers "State's Exhibit No. 1" to be the "judicial confession in paragraph 20 on page 3" and "the stipulation signed by the defendant on page 4" of the plea paperwork in each case.

*State*, 405 S.W.3d 682, 690 (Tex. Crim. App. 2013) (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). Here, the record shows Evans did so, notwithstanding his question, "Is it aggravated?" after the trial court sentenced him. The record reflects the trial court provided Evans with the proper admonishments and orally informed him he had been charged with aggravated assault with a deadly weapon. Evans signed plea papers judicially confessing to aggravated assault with a deadly weapon, entered open pleas of guilty to the charged offenses, and repeatedly told the trial court he understood the charges.

We overrule Evans' third and fourth issues.

### 3.    Finding of Guilt of Aggravated Assault With a Deadly Weapon

Next, we consider Evans' fifth and sixth issues, in which he argues that the trial court erred in finding Evans guilty as charged in the indictments rather than finding him not guilty or guilty of the lesser-included crime of assault because he denied he threatened the store clerks with a knife when he testified in the plea hearing.

Evans' judicial confession was introduced into evidence and was admitted without objection. After his trial counsel told the trial court, "On guilt/innocence, Judge, we have no evidence" and Evans would "rest and close[,]" the trial court accepted Evans plea of guilty and his plea of true to the enhancement paragraph in each case and found the evidence sufficient to find Evans guilty before proceeding to sentencing. During the sentencing portion, Evans testified, and during his

testimony, he testified that on the day of the alleged offenses, he was shoplifting, was confronted by a store clerk about it, was upset, yelled out, and had a knife, but he denied threatening the clerk with a knife. He also explained he was asking the trial judge for probation because he was "going through depression that day" because he had "just buried his brother."

As the State argues, the trial court is the sole judge of a witness's credibility and the weight his testimony is to be afforded. *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Despite Evans' testimony during sentencing, the record contained sufficient evidence to support Evans' convictions of aggravated assault with a deadly weapon. We conclude the trial court did not err in finding him guilty of the charged offenses and overrule Evans' fifth and sixth issues.

## B.  Denial of Probation

In his ninth and tenth issues, Evans argues that, based on the facts and circumstances surrounding the crime in question and Evans' assertions at the time of the plea, the trial court abused its discretion when it refused to grant him a probationary sentence and sentenced him to eight years' incarceration in each case. As support, Evans cites portions of the record regarding his mental health history, his mental status on the day in question, and his prior probation history.

The State argues that, in light of the trial court's deadly weapon finding, probation was not available under Texas Code of Criminal Procedure article 42A.054, which states, in subsection (b):

> (b) Article 42A.053 does not apply to a defendant when it is shown that:
>
> > (1) a deadly weapon as defined by Section 1.07, Penal Code, was used or exhibited during the:
> >
> > > (A) commission of a felony offense; or
> > >
> > > (B) immediate flight from the commission of a felony offense; and
> >
> > (2) the defendant:
> >
> > > (A) used or exhibited the deadly weapon; or
> > >
> > > (B) was a party to the offense and knew that a deadly weapon would be used or exhibited.

TEX. CODE CRIM. PROC. art. 42A.054(b).

In the record before us, the trial court accepted Evans' plea, found him guilty of both aggravated assault charges, and made an affirmative finding of a deadly weapon—a knife—being used or exhibited during the commission of these offenses. As a result, the trial judge could not order community supervision under article 42A.053, *see id*., and the trial court did not abuse its discretion in sentencing Evans to eight years' incarceration rather than probating his sentence.

We overrule Evans' ninth and tenth issues.

## C.    Overruling of Motion for New Trial Without Hearing

In his seventh and eighth issues, Evans argues the trial court abused its discretion when it denied his motion for a new trial without a hearing.

The trial court imposed Evans' sentence in open court on May 20, 2020. Evans timely filed a motion for new trial.[5]  The motion was verified by his new appellate counsel but was not accompanied by an affidavit.[6]  Seven days after the motion was filed, the trial court signed an order that found the motion was timely presented[7] but that did not set the motion for hearing or rule on it.  Thus, Evans' motion for new trial was overruled by operation of law on August 3, 2020, seventy-five days after sentence was imposed in open court.[8]

We review a trial court's refusal to hold a hearing on a defendant's motion for new trial for an abuse of discretion.  *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex.

---

[5] *See* TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court.").

[6] In addition to stating his appellate counsel's name, her age as over eighteen years, and her competency to make the attestation, the verification by Evans' appellate counsel stated:

> I am an attorney licensed to practice law in Texas, and counsel of record for [Evans] in connection with his motion for new trial and appeal.  I have read the above Motion for New Trial.
>
> I hereby certify and swear that the statements and factual representations contained in the [motion] are true and correct to the best of my knowledge.

No issue is presented regarding whether Evans could support his motion for new trial by a verification from his appellate counsel, rather than by affidavit.  We assume, for purposes of this appeal, he could do so.

[7] *See* TEX. R. APP. P. 21.6 ("The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court.").

[8] *See* TEX. R. APP. P. 21.8(a) ("The court must rule on a motion for new trial within 75 days after imposing or suspending sentence in open court."); *Montelongo v. State*, 623 S.W.3d 819, 823 (Tex. 2021) (same, citing rule).

Crim. App. 2009); *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We will reverse only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Smith*, 286 S.W.3d at 339.

A hearing is not required "when the matters raised in the motion for new trial are subject to being determined from the record." *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). But a trial judge abuses his discretion by failing to hold a hearing on a motion for new trial "when an accused presents a motion for new trial raising matters which are not determinable from the record, upon which the accused could be entitled to relief." *Id*.; *see Hobbs*, 298 S.W.3d at 199 (noting trial court's discretion extends only to the determination of whether defendant raised grounds not determinable from the record and grounds reasonably showing he could potentially be entitled to relief). In such circumstances, because an unrestricted requirement of a hearing on matters not determinable from the record could lead to "fishing expeditions," the court of criminal appeals has repeatedly stated that, "'as a prerequisite to obtaining a hearing,' and 'as a matter of pleading,' motions for new trial must be supported by an affidavit of either the accused or someone else specifically showing the truth of the grounds of attack." *Id*. (quoting *McIntire v. State*, 698 S.W.2d 652, 658 (Tex. Crim. App.1985)).

In this case, Evans' verified motion for new trial stated, in pertinent part:[9]

The undersigned attorney is of the opinion that Mr. Evans' plea of guilty was not knowingly and voluntarily entered. Based on conversations with Mr. Evans, counsel is of the opinion that Mr. Evans entered his plea due to the misadvice of counsel that if he entered a plea he would receive a sentence of probation, despite the fact that there was no plea bargain before the court. Counsel is of the opinion that Mr. Evans would not have entered his plea had he been properly advised.

Citing *Reyes*, 849 S.W.2d at 816, Evans argues the trial court abused its discretion in denying him a hearing because he raised a matter not determinable from the record which could entitle him to relief—namely, that his "plea was the result of the ineffective assistance of counsel[,]" that he was misadvised he "would receive a sentence of probation if he entered a plea," and that absent such misadvice, he "would not have pled guilty to the charges." The State argues that even if Evans' motion sufficiently raised an ineffective assistance of counsel claim, the trial court could have reasonably refused to hear the motion by concluding Evans did not allege grounds undeterminable from the record that would entitle him to relief.

We disagree with Evans and conclude his reliance on *Reyes* is misplaced under the circumstances. First, his motion was not accompanied by an affidavit specifically showing the truth of the grounds raised, as is required, both as a matter of pleading and as a prerequisite to obtaining a hearing. *See Reyes*, 849 S.W.2d at 816. Even though we have assumed for purposes of this appeal that Evans could

---

[9] The motion also stated counsel's opinion regarding Evans' sentence, which she described as excessive, but Evans has not presented any such issue on appeal.

support his motion for new trial by a verification from his appellate counsel, rather than by affidavit, substantively, the verification fails to show the truth of what Evans alleged—that he was misadvised by his trial counsel that he would receive a sentence of probation if he entered a plea and would not have entered his plea had he not been so misadvised.

Moreover, even if the verification adequately supported Evans' ground of attack, his motion did not raise a matter that was not determinable from the record. When Evans presented his motion for new trial, the trial court was already aware of the plea proceedings, which included his trial counsel's participation, the court's own admonishments, and Evans' on-the-record statement—before he made his guilty plea—that he understood the punishment range involved imprisonment.

Based on the record before us, we conclude the trial court did not abuse its discretion in allowing Evans' motion for new trial to be overruled by operation of law without a hearing. *See Reyes*, 849 S.W.2d at 816; *Colone v. State*, 573 S.W.3d 249, 260 (Tex. Crim. App. 2019);[10] *Holden v. State*, 201 S.W.3d 761, 764 (Tex.

_____

[10] In *Colone*, 573 S.W.3d at 260, the court overruled defendant's complaints the trial court erred in failing to hold a hearing on his motion for new trial when the motion was supported by affidavits containing only bare assertions without alleging supporting facts to show the assertions were true. The court stated:

> [A] party's affidavits must "specifically show[ ] the truth of the grounds of attack." Bare assertions, without supporting factual allegations, are not sufficient to entitle a party to a hearing, and a trial court is not required to hold a hearing to conduct a "fishing expedition." Appellant's affidavits made a number of bare assertions without alleging supporting facts to show that those assertions were true. . . . The trial court was not required to engage in a fishing expedition based upon the self-serving speculation of Appellant's defense attorneys.

Crim. App. 2006);[11] *Kiser v. State*, 788 S.W.2d 909, 914–15 (Tex. App.—Dallas 1990, pet. ref'd).[12] We overrule his seventh and eighth issues.

## D. Requested Judgment Modifications

Both parties ask that we modify the judgments in certain respects. In his eleventh, twelfth, and thirteenth issues, Evans seeks modifications regarding the $340 in court costs imposed in each judgment. In a cross-point, the State seeks a modification to the portion of each judgment that concerns each indictment's first enhancement paragraph.

### 1. DNA Testing Fee

In his eleventh and twelfth issues, Evans argues we should remove the $50 DNA testing fee included in the criminal court fee dockets in both cases because it was unauthorized, as the statute authorizing the fee was repealed effective January 1, 2020, the day before the offenses for which he was convicted. The State agrees.

---

*Id.* (footnotes omitted). Also, albeit in a different context, in *Najar v. State*, 618 S.W.3d 366, 373 (Tex. Crim. App. 2021), the court stated that one way an affidavit by defense counsel might be interpreted is "with skepticism because they are second-hand renditions prepared by advocates in anticipation of a motion for new trial."

[11] In *Holden*, 201 S.W.3d at 764, the court held the trial court did not abuse its discretion in deciding a motion for new trial based on affidavits by defendant and her trial counsel when affiants had already appeared in trial court and the trial judge was familiar with history and facts of the case.

[12] In *Kiser*, 788 S.W.2d at 914–15, a case involving alleged juror misconduct, the court concluded there was no error in allowing defendant's original motion for new trial to be overruled by operation of law without a hearing when defendant presented no issues requiring proof to be developed outside the record and when the motion was not supported by the affidavit of a juror or another person in a position to know the facts surrounding the alleged misconduct.

We review the assessment of court costs on appeal to determine if there is a basis for the cost. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). Section 51.608 of the Government Code provides:

> Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense.

TEX. GOV'T CODE § 51.608.

Previously, article 102.020 of the code of criminal procedure—now repealed—required the assessment of costs for DNA testing in certain criminal cases. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3982 (Senate Bill 346, effective January 1, 2020).

Both parties agree that in light of Senate Bill 346, no basis exists for the $50 DNA testing fee in this case, and the trial court should not have assessed it. *See* TEX. GOV'T CODE § 51.608. We agree as well, as the offenses for which Evans was convicted were committed on January 2, 2022, meaning the former article 102.020 was not in effect as to Evans at the time of conviction. *Cf. Shuler v. State*, 650 S.W.3d 683, 689 (Tex. App.—Dallas 2022, no pet.) (concluding trial court properly

assessed the DNA testing fee under circumstances distinguishable from those here).[13]

## 2. Duplicative Costs

In his thirteenth issue, Evans argues that because he was convicted of two offenses in a single criminal action, the trial court could assess each court cost or fee only once against him, rather than assessing duplicative costs in both cases.[14] *See* TEX. CODE CRIM. PROC. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant."). He also notes the two offenses for which he was convicted were the same degree of offense.[15] The State agrees with both points.

Thus, both sides agree the trial court should not have assessed duplicative costs under the circumstances. Their only disagreement on this issue concerns the trial court cause number in which they argue we should delete the duplicative costs.

---

[13] In *Shuler*, we noted, "Senate Bill 346 specifically provided that '[a]n offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.'" 650 S.W.3d at 688 n.10 (citing Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Gen. Laws 3981, 4035). We concluded that "[b]ecause [Shuler] committed the offenses for which he was placed on deferred adjudication prior to the effective date of the Act, the former law was still in effect as to [him] at the time he was placed on deferred adjudication and, thus, it is the law that governs whether court costs were properly imposed against him." *Id*. at 688–89.

[14] Each criminal court docket fee sheet reflects the same costs imposed, which totaled $340, excluding a $25 installment plan fee.

[15] Although it does not apply here, we note that in cases where a defendant is convicted of two or more offenses involving different categories of offense, the trial court would have had to determine each court cost or fee using "using the highest category of offense that is possible based on the defendant's convictions." *See* TEX. CODE CRIM. PROC. art. 102.073(b).

Evans asks that we delete the duplicative costs from *either* trial court cause number F20-51046-I or F20-51047-I, while the State argues we should delete them from trial court cause number F20-51047-I, the *higher* of the two cause numbers.

We agree with the State. *See Johnson v. State*, No. 05-19-00641-CR, No. 05-19-00642-CR, 2020 WL 4745552, at *5–6 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication) ("[W]hen, as in this case, the convictions are for the same category of offense and the costs are the same, court costs should be based on the lowest trial court cause number.") (citations omitted).

### 3. First Enhancement Paragraph

Finally, in a cross-point, the State asks us to modify both judgments to reflect that Evans pleaded true to the first enhancement paragraph and that the trial court found it true. Evans did not file a reply brief and thus did not respond to the State's cross-point, but as the State correctly notes, the record reflects that Evans did plead true to the first enhancement paragraph, and the trial court found it true.

### E. Modification of Judgments

We may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (refusing to limit the authority of the courts of appeals to reform judgments to only those situations involving mistakes of a clerical nature); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd) (noting an appellate court's authority to reform

–17–

incorrect judgments does not depend upon the request of any party or on whether a party has or has not objected in the trial court).

Based on the record here, we sustain Evans' eleventh, twelfth, and thirteenth issues, sustain the State's cross-point, and reform the judgments as follows:

Judgment in Cause No. F20-51047-I

- Under "Court Costs," delete $340 and insert $0; and
- After "1st Enhancement Paragraph" and "Finding on First Enhancement Paragraph," delete "N/A" and add "TRUE."

Judgment in Cause No. F20-51046-I

- Under "Court Costs," delete $340 and insert $290; and
- After "1st Enhancement Paragraph" and "Finding on First Enhancement Paragraph," delete "N/A" and add "TRUE."

## II. CONCLUSION

As reformed, we affirm the judgments.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200590F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

DAMON EVANS, Appellant

No. 05-20-00590-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F20-51047-I.
Opinion delivered by Justice Molberg. Justices Reichek and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- Under "Court Costs," delete $340 and insert $0; and

- After "1st Enhancement Paragraph" and "Finding on First Enhancement Paragraph," delete "N/A" and add "TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 23rd day of February, 2023.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAMON EVANS, Appellant

No. 05-20-00591-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas
Trial Court Cause No. F20-51046-I.
Opinion delivered by Justice Molberg. Justices Reichek and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- Under "Court Costs," delete $340 and insert $290; and

- After "1st Enhancement Paragraph" and "Finding on First Enhancement Paragraph," delete "N/A" and add "TRUE."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 23rd day of February, 2023.